UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:05-cr-093 |
| | ) | *Edgar* |
| DONALD PIPPENGER | ) | |

**MEMORANDUM AND ORDER**

      This case came before the Court pursuant to 18 U.S.C. § 4247(d) on December 13, 2005, for a hearing on the issue of whether the defendant, Donald Pippenger, is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Defendant and his counsel were present.

      The defendant is charged with various controlled substance and firearms offenses which are alleged to have occurred over a period of eleven months.

      When the question of competency is raised, it is unclear whether the burden of proof lies with the government or the defendant under 18 U.S.C. §§ 4241 *et seq*. Some courts have placed the burden on the government to prove competency, and some have placed the burden on the defendant. See general discussion in *United States v. Sanchez*, 38 F. Supp. 2d 355 (D.N.J. 1999). Some of the confusion has apparently resulted from the Supreme Court's decision in *Cooper v. Oklahoma*, 517 U.S. 348 (1996), which dealt with state burdens of proof in competency cases, but did not address the federal statutory scheme. In this case, however, it is not necessary to allocate the burden of proof because the quantum of evidence clearly shows that the defendant is competent to stand trial. In fact, there is no evidence to the contrary. Thus, even if the burden

of proof were to be allocated to the government, the government has clearly carried that burden in this case.

The Court has before it the following information:

(1) Report dated October 31, 2005, prepared by Dr. Judith Campbell, Ph.D., Forensic Psychologist, Federal Medical Center, Lexington, Kentucky; and

(2) The testimony (by video conference) of Dr. Campbell on December 13, 2005.

Dr. Campbell had significant interaction with defendant at the Federal Medical Center in Lexington, Kentucky. Two commonly accepted psychological tests were administered to defendant. Dr. Campbell concludes that, while the defendant does have a "major depressive disorder," this does not impair his comprehension of his legal situation, nor his ability to assist his counsel in evaluating and defending the case. There is no evidence from which a contrary conclusion could be drawn.

The Court therefore **CONCLUDES** that the government has indeed demonstrated by a preponderance of the evidence that the defendant is competent to stand trial.

SO ORDERED.

ENTER this *15th day of December, 2005*.

                                            */s/ R. Allan Edgar*
                                            R. ALLAN EDGAR
                                            UNITED STATES DISTRICT JUDGE